# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESOBORO DIVISION

BRIAN KEITH RUSH,  *

    Plaintiff,  *

v.  *  No. 3:19cv00029-JJV

ANDREW SAUL[1], Commissioner,  *
Social Security Administration,  *

    Defendant.  *

## **MEMORANDUM AND ORDER**

Plaintiff, Brian Rush, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Plaintiff could perform some of his past relevant work despite his impairments. (Tr. 11-19.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

---

[1]Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill. He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff was fifty-five years old at the time of the administrative hearing. (Tr. 31.) He testified he went as far as the tenth grade in school. (Tr. 32.) Mr. Rush has a strong work history and previously worked as a driver, quality control technician, poultry farmer, recast molder, security guard, conveyor tender, and punch press operator. (Tr.19.)

The ALJ[1] found Mr. Rush had not engaged in substantial gainful activity since July 1, 2017. (Tr. 13.) The ALJ next determined Mr. Rush has "severe" impairments in the form of "degenerative disc disease status post microdiscectomy and decompression and status post umbilical and open right inguinal hernia repair." (Tr. 14.) The ALJ further found Mr. Rush did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15.) The ALJ determined Mr. Rush had the residual functional capacity to perform "light work," however, he was limited to only occasional

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

climbing, stooping, crouching, kneeling, and crawling. (Tr. 16.) Based on his residual functional capacity assessment, the ALJ utilized the services of a vocational expert (Tr. 61-64) and concluded Mr. Neely could perform his past relevant work as a security guard and quality control technician. (Tr. 19.) Accordingly, the ALJ determined Mr. Rush was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his complaint, Mr. Rush says the ALJ's residual functional capacity assessment was not supported by substantial evidence. (Doc. No. 11 at 16-20.) Mr. Rush points particularly to the ALJ giving little weight to his treating physician, Roger Troxel, M.D.

Dr. Troxel provided a medical source statement dated October 15, 2017, whereby he opined that Plaintiff was fairly limited in his physical abilities. (Tr. 510-513.) Later, on December 14, 2017, Dr. Troxel reported that Mr. Rush "Cannot walk one hundred (100) feet without stopping to rest." (Tr. 514.) These limitations were surprisingly reported within months of Dr. Troxel certifying Mr. Rush was able to return to work without any restrictions. (Tr. 508.)

With regard to Dr. Troxel, the ALJ stated:

> The undersigned has also considered the October 2017 opinion of treating source, Dr. Troxel, which states the claimant is limited to standing/walking/sitting for no more than 2 hours during an 8-hour workday, and the claimant needs to elevate his feet, take frequent rest periods, take longer than normal breaks, have the opportunity to shift at will from sitting or standing/walking, and would be absent more than 3 days per month. Dr. Troxel notes that these restrictions are due to the claimant's lumbar spondylosis status post back operation in 1997. Also, in December 2017, Dr. Troxel completed a form in order for the claimant to receive a special license plate, in which he stated the claimant cannot walk 100 feet without stopping to rest. However, in August 2017, Dr. Troxel completed another form and opined that the claimant has no physical restrictions and is able to return to regular activities. The opinions are given little weight as they are inherently inconsistent with each other and the longitudinal evidence of record. Neither the opined severe restrictions nor the opined complete lack of restrictions are supported by

3

>explanation, treatment records, or the longitudinal records from other treating providers. There is nothing in the record to support any greater limitation than that to light exertion work. Thus, these opinions are given little weight.

(Tr. 17-18)(citations omitted.)

Based on Dr. Troxel's wholly inconsistent conclusions, the ALJ was right to discount his opinions. It appears Dr. Troxel was attempting to help Mr. Rush. But this help greatly jeopardized Dr. Troxel's credibility.

The United States Court of Appeals for the Eighth Circuit has reiterated:

>Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ gave very good reasons to discount Dr. Troxel's opinions. I find no error here.

I also find the ALJ's residual functional capacity assessment to be consistent with the overall medical evidence of record. Despite MRI evidence that shows "marked degenerative disease of L3-L4 disc space," (Tr. 469), the ALJ correctly noted that conservative treatment was helping. (Tr. 494.) This MRI evidence is definitely concerning and supports Plaintiff's claims. However, given the entire record, I find the ALJ's decision is supported by substantial evidence. For example, as the Commissioner points out, examinations routinely showed Mr. Rush had normal gait and he ambulated without difficulty. (Tr. 423, 461-62, 496.)

I am sympathetic to Mr. Rush's claims and his counsel has done an excellent job advocating for his rights. However, the ALJ's opinion is well supported. I agree with the Commissioner that Plaintiff has not met his burden of proving he is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff has advanced other arguments that I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 17th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE